## JOHN McGEE v. THE STATE.

1. CHARGE OF THE COURT — CASE STATED. — The information charged an assault with a "deadly weapon, to wit, a wagon-box, and did then and there inflict serious bodily injury with said wagon-box." The court charged, not only as to the circumstances of aggravation mentioned in the information, but also that an assault becomes aggravated when committed with premeditated design, and by the use of means calculated to inflict great bodily injury. *Held*, error, as the information did not charge premeditated design and the use of means calculated to inflict great bodily harm.

2. SAME. — It was error to refuse the charge asked, "that the defendant being charged with assault with a wagon-box, he cannot be convicted on proof of an assault with a pick, drill, or anything else."

APPEAL from the County Court of Lavaca. Tried below before the Hon. T. A. HESTER.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J. The information in this case charges that. defendant did make an aggravated assault upon one William McCauley, with a deadly weapon, to wit, a wagon-box, and did then and there inflict serious bodily injury upon him with said wagon-box.

The evidence in the statement of facts shows, substantially, that defendant commenced a quarrel with McCauley, who tried to avoid a difficulty. Defendant finally slapped McCauley with his hand. McCauley, with a piece of iron with which he was lighting his pipe in the blacksmith-shop, punched defendant off. McCauley left the shop and went into the yard, and defendant then threw an iron drill at McCauley. Defendant then threw a pick at McCauley, who dodged it, and seized the pick and advanced

with it upon defendant, who got hold of a wagon-box. McCauley then dropped the pick, and started to run. The defendant then threw the wagon-box at McCauley, and struck him with it a severe blow. The defendant then attempted to strike with a rock, but was prevented.

The court charged the jury, not only as to the circumstances of aggravation mentioned in the information, but also instructed them that an assault became aggravated when committed with premeditated design, and by the use of means calculated to inflict great bodily injury; which last instruction was improper. The information did not charge that the assault was made with premeditated design, and by the use of means calculated to inflict great bodily injury. The charge of the court was excepted to by the defendant, at the time. *Kouns* v. *The State*, 3 Texas Ct. App. 13.

We believe that the court ought to have given the first special instruction asked by the defendant, which is as follows, to wit: " That the defendant is charged with having committed an assault with a wagon-box, and that the defendant cannot be convicted by proof of an assault with a pick, a drill, or anything else." This charge the court refused to give.

For these errors, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*